NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNOL FERNANDEZ-SOTO,<br><br>    Petitioner,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>    Respondent. | No. 18-71829<br><br>Agency No.<br>A202-012-120<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 23, 2025**

Before: GOULD, BENNETT and SUNG, Circuit Judges.

Petitioner Reynol Fernandez-Soto ("Fernandez-Soto") petitions our Court to

reverse the Board of Immigration Appeals' ("BIA") order denying his claims for

asylum and withholding of removal. The parties are familiar with the relevant facts,

so we do not recount them here. We have jurisdiction pursuant to 8 U.S.C. § 1252

---

   * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and deny the petition.

We review the agency's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017).

Substantial evidence supports the determination that Fernandez-Soto did not establish that the Mexican government would be unwilling or unable to control his alleged persecutor. "To qualify for asylum and withholding of removal based on past persecution, [a petitioner] must establish that the persecution was committed by the government or by forces that the government was unwilling or unable to control." *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1044 (9th Cir. 2024) (internal quotation marks omitted). Here, the Mexican government investigated Fernandez-Soto's complaint about his alleged persecutor's corruption and fired the alleged persecutor as a result. There is insufficient record evidence suggesting the Mexican government would not be willing or able to stop Fernandez-Soto's alleged persecutor if it were necessary.

Because this ground alone is sufficient for denying the petition on both the asylum and withholding of removal claims, we need not reach the other, alternative grounds relied upon by the agency.

**PETITION DENIED.**